**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ROBERT M. HYTKEN, *et al.*, | § | |
| | § | |
| Appellants, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-06-2169 |
| | § | |
| RANDY W. WILLIAMS, TRUSTEE, | § | |
| *et al.*, | § | |
| | § | |
| Appellees. | § | |

**MEMORANDUM AND OPINION**

This bankruptcy appeal arises out of a foreclosure of seven tracts of land in Galveston County, Texas, owned by the debtor, Beach Development, L.P.  In the bankruptcy court, Source One Capital Group, L.L.C., a lender with a lien against the land, moved for relief from the automatic stay to foreclose.  The motion was granted and Source One foreclosed. The bankruptcy court appointed a trustee under Chapter 11 who remained as the Chapter 7 trustee when the case was converted.  The trustee filed a motion with the bankruptcy court to approve the auction of any claims the bankruptcy estate had against Source One for wrongful foreclosure.  The trustee auctioned the claims to Rampart Resolution Group, L.L.C., a Source One affiliated company.  The bankruptcy court set aside that sale for failure to follow proper procedures.  A second auction occurred.  Rampart was the successful bidder. The bankruptcy court approved this second auction on May 23, 2006, finding that the trustee and Rampart had acted in good faith in the conduct of the auction and sale.  The bankrupcy

court denied a motion for new trial and for reconsideration, which alleged that the auction and sale were tainted by collusion.  In this appeal from the orders approving the sale and refusing to set it aside, Kent Hytken, the debtor's principal, Robert Hytken, Kent Hytken's father and a financial backer of the debtor's acquisition of the Galveston properties, and Hytken A Partnership, argue that the bankruptcy court's order approving the second sale and refusing to reverse that order were clearly erroneous.  The appellees—the trustee, the state-court appointed receiver, Kent Hytken's ex-wife, Source One, and Rampart—respond that this appeal is moot under 11 U.S.C. § 363(m) because the appellants failed to obtain a stay of the sale pending appeal and the sale order was proper under section 363 of the Bankruptcy Code.

Based on a careful review of the record and the applicable law, this court dismisses this appeal as moot.  This court alternatively finds that the sale order was properly entered. The reasons for these rulings are explained below.

## I.     Background

On March 4, 2003, the debtor, Beach Development, L.P., filed a petition for relief under Chapter 11.  The debtor's assets consisted of seven tracts of land (approximately 100 acres) in Galveston County, Texas.  Source One had a secured lien against the property and moved to lift the bankruptcy stay and foreclose on the property.  On May 13, 2003, the bankruptcy court granted Source One's request, allowing foreclosure.  On February 2, 2004, the bankruptcy court appointed Randy Williams as trustee of the bankruptcy estate.  On August 27, 2004, the bankruptcy court converted the case into a Chapter 7 liquidation;

2

Williams remained as the Chapter 7 trustee.

After the foreclosure, the trustee moved to sell the debtor's claims against Source One for wrongfully foreclosing on the debtor's Galveston properties. The bankruptcy court ordered a sale of those claims. The trustee conducted a public auction on December 15, 2004. At the sale, another Hytken-owned entity, Hytken Partnership No. 1, L.L.C., was the winning bidder, bidding $350,000. Rampart, the only other qualified bidder, bid $301,000. Hytken Partnership No. 1 failed to close on its winning bid within the prescribed time. Under the sale rules, if the winning bidder failed to close, the "backup bidder" was the winning bidder. The trustee had allowed Rampart to change its backup bid to $50,000. The bankruptcy court did not approve the December 15, 2004 sale, finding that in allowing Rampart to change its backup bid from $301,000 to $50,000, the trustee had not secured the highest price for the estate. The bankruptcy court set specific requirements for the conduct of the second sale.

Before the second sale, the trustee determined that Rampart was the only qualified bidder. The Hytken parties did not qualify because they were unable to prove their ability to pay at least $400,000, as required in the bankruptcy court's orders. The Hytken parties filed a motion in the bankruptcy court to find them qualified bidders. After an evidentiary hearing held on May 9, 2006 to determine qualified bidders under the second bid procedures order, the bankruptcy court determined that the Hytken parties were not qualified bidders and did not allow them to bid at the auction. The trustee held the second auction on May 10, 2006. Rampart was the only qualified bidder. Rampart bid $301,000 for the claims, the

3

highest (and only) bid.

A few days before the hearing and second auction, the Hytken parties, the bankruptcy trustee, and Kent Hytken's former spouse, Marissa Gayne, entered into a settlement agreement to resolve a number of issues, including claims between Hytken and Gayne relating to their divorce. Gayne had obtained several judgments against her former husband. A Texas state court had appointed a receiver, Richard Johnston, to collect on those judgments. The state-appointed receiver was a party to the settlement agreement. Neither Source One nor Rampart was a party to the settlement agreement. The settlement agreement would have resolved the collection issues and several other disputes between the ex-spouses. As part of the settlement agreement, the bankruptcy trustee agreed to abandon the sale of the claims against Source One, allowing the debtor to pursue those claims.

The parties filed a motion to approve the settlement agreement on May 5, 2006, under Bankruptcy Rule 9019. The bankruptcy court set a hearing on the motion to approve the settlement agreement and a hearing on the second sale of the Source One claims. The bankruptcy court hearing was set for May 23, 2006. In a state-court hearing on May 22, 2006, counsel for the Hytken parties stated that once the bankruptcy court approved the parties' settlement agreement, the Hytken parties planned to seek dissolution of the state-court receivership. Several of the receiver's state-court claims were expressly excluded from the settlement agreement, which meant that those claims would be allowed to go forward. Scott Williams, counsel for both Gayne and Johnston, determined that by dissolving the receivership, the Hytken parties would deprive the state-appointed receiver of his standing

4

in those cases.  Williams concluded that the Hytken parties were anticipatorily repudiating the settlement agreement.  Williams informed the bankruptcy trustee of his clients' intent to withdraw from that agreement.

On May 23, 2006, the bankruptcy court held the hearing on the motions to approve the settlement agreement and the sale of the Source One claims.  Williams told the bankruptcy court that the settlement agreement had failed due to the Hytken parties' alleged anticipatory repudiation.  Because there was no settlement agreement in place, the bankruptcy court denied the motion to approve the settlement agreement and heard testimony on the motion to approve the May 10, 2006 sale of the Source One claims.

The trustee testified that the sale was conducted on May 10, 2006 in accordance with the terms outlined in the court's second sale order and in good faith.  The trustee explained that one bidder, Rampart, had presented a bid of $301,000.  Rampart had increased its bid to $360,000.  The trustee testified that he believed that the sale of the claims to Rampart at its $360,000 bid was beneficial to the bankruptcy estate.  The Hytken parties did not offer any controverting testimony, argue that the sale was not conducted in good faith, or cross-examine the trustee.  The bankruptcy court found that Rampart was the successful bidder and that the sale was conducted in good faith, and approved the sale of the Source One claims to Rampart for $360,000.  Rampart had paid by certified checks; the sale closed the next day. The Hytken parties did not seek to stay the sale order pending appeal.

On May 31, 2006, the Hytken parties filed a motion for a new trial or for rehearing under Rule 59 of the Federal Rules of Civil Procedure.  In the motion, the Hytken parties

5

alleged for the first time that the May 10, 2006 sale was not conducted in good faith. The bankruptcy court denied that motion on June 14, 2006 in a written opinion. This appeal followed.

The appellants contend that Rampart and Scott Williams, counsel for Gayne and Johnston, had entered into a "secret agreement" under which Rampart agreed to increase its bid on the Source One claims to $360,000 in exchange for Gayne and Johnston's withdrawal from the settlement agreement. The appellants claim that this "secret agreement" was not disclosed to the bankruptcy court before the May 23, 2006 hearing; that allowing Rampart to increase its bid at the May 23, 2006 hearing violated the bankruptcy court's sale procedures; and that the "secret agreement" was a fraud, unfair, and a surprise. The appellants point to email correspondence they submitted to the bankruptcy court in support of the May 31, 2006 motion for new trial or for rehearing. The appellants allege that these emails establish the existence of the "secret agreement."[1] The emails were exchanged among the trustee, counsel for the appellants, and counsel for Source One and Rampart. (Docket Entry No. 19, Ex. 3). The emails describe the events surrounding the May 22, 2006 state-court hearing and Gayne and Johnston's decision to withdraw from the settlement agreement.

---

[1] On appeal, the appellants also submitted evidence outside the bankruptcy court's record, including numerous transcripts from various state-court receivership hearings. The appellees move to strike materials outside the bankruptcy court's record and for sanctions, alleging that this appeal is frivolous. (Docket Entry No. 20). Bankruptcy Rule 8006 provides that the record on appeal from a bankruptcy court decision consists of designated materials that became part of the bankruptcy court's record in the first instance. FED. R. BANKR. P. 8006. The rule does not permit items to be added to the record on appeal to the district court if they were not part of the record before the bankruptcy court. *In re CPDC, Inc.*, 337 F.3d 436, 443 (5th Cir. 2003). To the extent the appellate record contains materials not before the bankruptcy court, this court may not consider them. The motion for sanctions is denied.

The appellants argue that these emails establish Rampart's lack of good faith, requiring this court to remand the cause with instructions to order a new sale. The appellees respond that neither these emails nor other evidence supports the allegation of a secret agreement or of Rampart's lack of good faith.

## II.   Analysis

### A.   The Standard of Review

In reviewing a bankruptcy court decision, a district court functions as an appellate court and applies the standards of review generally applied in federal courts of appeal. *In re Webb*, 954 F.2d 1102, 1103–04 (5th Cir. 1992). A bankruptcy court's findings of fact are reviewed for clear error, with proper deference to that court's opportunity to make credibility determinations. FED. R. BANKR. P. 8013; *In re McDaniel*, 70 F.3d 841, 842–43 (5th Cir. 1995). A finding of fact is clearly erroneous if, after review of all the evidence, the court is left with a firm and definite conviction that the bankruptcy court erred. *In re McDaniel*, 70 F.3d at 843. Legal conclusions are reviewed *de novo*. *Id.*; *In re Herby's Foods, Inc.*, 2 F.3d 128, 130 (5th Cir. 1993).

### B.   Mootness and the Bankruptcy Court's Finding of Good Faith

Section 363(m) of the Bankruptcy Code provides that:

> The reversal or modification on appeal of an authorization under
> subsection (b) or (c) of this section of a sale or lease of property
> does not affect the validity of a sale or lease under such
> authorization to an entity that purchased or leased such property
> in good faith, whether or not such entity knew of the pendency
> of the appeal, unless such authorization and such sale or lease
> were stayed pending appeal.

11 U.S.C. § 363(m).  This subsection creates a rule of "'statutory mootness.'"  *See In re Rickel Home Ctrs., Inc.*, 209 F.3d 291, 298 (3d Cir. 2000).  If a sale of a bankrupt's assets has not been stayed, an appeal challenging the sale's validity is moot because "the court has no remedy that it can fashion even if it would have determined the issues differently."  *In re Stadium Mgmt. Corp.*, 895 F.2d 845, 847 (1st Cir. 1990) (collecting cases); *see also In re Vlasek*, 325 F.3d 955, 961–62 (7th Cir. 2003) (same).  If the purchaser acted in good faith and the sale was not stayed pending appeal, section 363(m) protects the approved sale from later modification.  *In re Gilchrist*, 891 F.2d 559, 560 (5th Cir. 1990).  "Section 363(m) codifies Congress's strong preference for finality and efficiency in the bankruptcy context, particularly where third parties are involved."  *In re Rare Earth Minerals*, 445 F.3d 359, 363 (4th Cir. 2006).  Without section 363(m)'s protection, purchasers of bankruptcy estate assets could be "dragged into endless rounds of litigation to determine who has what rights in the property."  *In re Sax*, 796 F.2d 994, 998 (7th Cir. 1986).

It is undisputed that the appellants did not seek a stay pending appeal.  The Hytken parties argue that this appeal is not moot because Rampart did not purchase the Source One claims in good faith.  The bankruptcy court held a hearing on May 23, 2006 on the motion to approve the settlement agreement and the sale.  Scott Williams informed the bankruptcy court that Gayne and Johnston would be withdrawing from the agreement.  The trustee withdrew from the settlement and continued with the sale of the claims to Rampart.  The bankruptcy court heard evidence that Rampart had increased its bid to $360,000, which the trustee accepted.  The bankruptcy court heard evidence as to the way in which the sale was

conducted and the benefit of the sale price to the bankruptcy estate.  The court approved the sale, finding that the trustee and Rampart had acted in good faith.  In the sale order, the bankruptcy court found that the trustee and Rampart were entitled to the protections of 11 U.S.C. § 363(m) and that the sale order was effective immediately.

In denying the appellants' May 31, 2006 motion for a new trial or for rehearing, the bankruptcy court considered the argument that the trustee and Rampart had not conducted the sale in good faith.  The bankruptcy court considered the appellants' emails and the argument that they evidenced a "secret agreement."  The bankruptcy court concluded that the state-court receiver, Johnston, had a "justifiable reason" for withdrawing from the proposed settlement agreement.  The bankruptcy court found that the Hytken parties had the opportunity to oppose the sale of the Source One claims and to question the trustee on Rampart's good faith, but failed to do either.  (Docket Entry No. 1, Ex. 3).

The good-faith requirement in section 363(m) is not specifically defined.  Many courts turn to "traditional equitable principles and [hold] that the phrase encompasses one who purchases in good faith and for value."  *In re Colony Hill Assocs.*, 111 F.3d 269, 276 (2d Cir. 1997).  "'Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.'"  *Dick's Clothing & Sporting Goods, Inc. v. Phar-Mor, Inc.*, 212 B.R. 283, 290 (N.D. Ohio 1997) (quoting *In re Rock Indus. Machinery Corp.*, 572 F.2d 1195, 1198 (7th Cir. 1978)).  "The requirement that a purchaser act in good faith, of course, speaks to the integrity of his conduct in the course of

9

the sale proceedings." *In re Rock Indus.*, 572 F.2d at 1198. The good-faith requirement prohibits "fraudulent, collusive actions specifically intended to affect the sale price or control the outcome of the sale." *In re Made in Detroit, Inc.*, 414 F.3d 576, 581 (6th Cir. 2005).

The bankruptcy court's finding of good faith was not clearly erroneous. The bankruptcy court determined that Rampart was the only qualified bidder in the judicial sale and that the Hytken parties did not qualify to bid on the Source One claims. The Rampart bid did not disadvantage the appellants (who failed to qualify as bidders) or other bidders (there were none). The trustee testified that the sale was conducted in good faith and at arm's-length. The record precludes any argument Rampart and the trustee colluded to minimize the sale price. As Source One and Rampart point out in their brief, Rampart bid more than the appellants' bid at the first auction that they failed to consummate. Rampart's bid increased rather than decreased the sales price.

The appellants contend that Rampart and Scott Williams, counsel for Gayne and Johnston, entered into a "secret agreement." Neither Gayne nor Johnston were qualified bidders in the auction. The record does not support appellants' claim that the sale of the Source One claims was tainted by fraud or collusion. The record provides ample support to conclude that the sale of the Source One claims was conducted in good faith. Given the absence of a stay pending the appeal, this court finds that the appeal is denied as moot under 11 U.S.C. § 363(m).

### C. The Bankruptcy Court's Order Approving the Sale of the Source One Claims and Denial of the Motion for New Trial

The record provides ample support for the bankruptcy court's approval of the sale. The bankruptcy court complied with 11 U.S.C. § 363(b)(1). The court found that the trustee had complied with the procedures for conducting a sale of the debtor's property not in the ordinary course of business. The court's approval of Rampart's increased bid during the May 23, 2006 hearing was within that court's discretion and appropriately balanced the interests in maximizing the value of the estate and in maintaining the integrity and finality of public auctions. *See In re GGSI Liquidation, Inc.*, 368 F.3d 761, 767 (7th Cir. 2004). Because there were no qualified bidders at the sale except Rampart, the court's acceptance of Rampart's increased bid did not cause any unfair surprise to any party to the sale.

Nor did the bankruptcy court err in denying the appellants' Rule 59 motion. At the May 23 hearing on the motion to approve the sale, the bankruptcy court heard testimony from the trustee that Rampart had increased its bid to $360,000, that the sale was conducted in good faith, and that the sale was beneficial to the estate. The bankruptcy court was presented with the information about the unraveling of the settlement agreement. The appellants did not offer controverting testimony or cross-examine the trustee. The only new evidence presented to the court in the motion for a new trial were emails between counsel for the appellants and the trustee after the sale hearing, which reiterated what the bankruptcy court had learned about Gayne and Johnston's withdrawal from the settlement and Rampart's increased bid. There is no basis to reverse the bankruptcy court's findings of good faith and refusal to set aside the sale order.

**III.    Conclusion**

The appellee's motion to strike evidence outside the bankruptcy court's record is granted; the motion for sanctions is denied.  Because the appellants failed to seek a stay of the sale of the Source One claims pending appeal, and because there is ample record support for the bankruptcy court's finding that the sale was in good faith, this appeal is dismissed as moot under 11 U.S.C. § 363(m).  Alternatively, it is dismissed because the bankruptcy court properly approved the sale and properly denied the motion for rehearing.

SIGNED on March 30, 2007, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

12